IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRIDRIK THOR GUDMUNDSSON, et al.,

    Plaintiffs,

v.                                                    Civil No. 03-1386 WJ/KBM

JULIES AIRCRAFT SERVICE, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion for Leave to Dismiss Parties Without Prejudice and to File Plaintiffs' First Amended Complaint, filed February 23, 2004 **(Doc. 3)**; and upon Plaintiffs' Request for Sequence of Consideration of Motions, filed August 2, 2004 **(Doc. 18)**.  For reasons given below, the first motion is granted in part and denied in part, and the latter motion is denied.

### Background

Plaintiffs filed this lawsuit on behalf of five decedent passengers who were in a plane that crashed offshore of Iceland on August 7, 2000, killing the pilot as well as all passengers.  Plaintiffs are all resident citizens of Iceland.  Defendants are corporate entities or persons who are involved in some way with the inspection, maintenance, servicing, rebuilding or certifying of the Cessna plane that went down, or who are in the business of transporting passengers.[1]  Plaintiffs filed this case in New Mexico State Court in the County of Dona Ana (Third Judicial District) on August 5,

---

[1] Details of the crash and allegations in the complaint are set forth in the Court's Memorandum Opinion and Order, Doc. 28.

2003.  Defendants Julies Aircraft Service, Inc. ("JAS Defendants" or "Defendants" for purposes of this motion) removed the case to federal court on December 2, 2003 based on diversity jurisdiction under 28 U.S.C. § 1132.  After filing the lawsuit, Plaintiffs settled with all served Defendants except the JAS Defendants.  Almost a year before this lawsuit was filed, Plaintiffs filed an identical lawsuit based on the same set of facts and with the same parties -- less one Plaintiff – in the District Court of El Paso County, Texas (327th Judicial District).

## Discussion

There are several motions pending in the case, including a motion to dismiss / summary judgment motion filed by Defendants, see Doc. 14.  The case pending in this Court includes all the Plaintiffs who filed in the Texas case, plus one additional Plaintiff: Vidar Stefansson Individually and as Natural Father of Heida Bjork Vidarsdottir.  Plaintiffs' motion seeks voluntary dismissal without prejudice of all the Plaintiffs in the New Mexico case except for this individual, allowing the six dismissed Plaintiffs to proceed with the litigation pending in the Texas state court. Defendants' motion for summary judgment was filed about two weeks after the Plaintiffs' filed their motion to dismiss parties.[2]

**I.      Request to Consider Motions in Sequence**

Plaintiffs point out that it "makes sense" to address the motions chronologically. Defendants claim that Plaintiffs should now be subject to Defendants' pending dispositive motion, and that in seeking voluntary dismissal, Plaintiffs are attempting to avoid an adverse ruling. Ruling by chronology may "make sense," but there are times when it is not necessarily the most

---

[2] Defendants first filed their motion on March 8, 2004 (Doc. 5), but filed an amended motion on July 19, 2004 (Doc. 14) pursuant to the parties' stipulation to stay the motion for 90 days to conduct further discovery.  See, Order, Doc. 10 (granting motion to stay).

effective method.  Plaintiffs would have the Court consider Plaintiffs' Motion to Dismiss Parties while completely ignoring the fact that Defendants' dispositive motion is also pending, regardless of whether consideration of one may render the other moot.  Courts do not rule on motions from isolation booths.  By initially reviewing the pending motions together, legal issues may become evident which call for consideration of the motions out of chronological order.  What makes most sense to the Court, then, is to address the motions in their legally expedient order.  Therefore, Plaintiffs' request for consideration of the motions in sequence is denied.

**II.      Plaintiffs' Motion to Dismiss Parties**

Plaintiffs seek a voluntary dismissal of all the Plaintiffs in this case save the one who is not included in the Texas state court action.  Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first.   Since Defendants had already filed an answer when Plaintiffs filed the motion to dismiss parties, Plaintiffs' request for voluntary dismissal under Rule 41(a)(1) is improper.  See, U.S. ex rel Stone v. Rockwell Intern. Corp., 282 F.3d 787, 810 (10th Cir. 2002) (citing Ohlander v. Larson, 114 F.3d 1531, 1536-37 (10th Cir. 1997).

I will consider Plaintiffs' motion under Rule 41(a)(2), which requires an "order of the court and upon such terms and conditions as the court deems proper." A district court enjoys broad discretion in determining whether to allow a voluntary dismissal.  McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir.1986).  Absent legal prejudice to a defendant, a district court normally should grant voluntary dismissal after the defendant has filed an answer.  Ohlander v. Larson, 114 F.3d 1531 (10th Cir. 1997).

A plaintiff may voluntarily dismiss his action "as long as the defendant is not hurt," and a court's consent to voluntary dismissal may be conditioned "upon such terms and conditions as the court deems proper." Rockwell Intern. Corp. 282 F.3d at 810. When considering a motion to dismiss without prejudice, an important aspect is whether the opposing party will suffer prejudice in light of valid interests of the parties. Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354 (10th Cir. 1996). The factors a district court should consider in determining the legal prejudice an opposing party will suffer if a motion for voluntary dismissal without prejudice is granted include: the opposing party's effort and expense of preparation for trial; excessive delay and lack of diligence on the part of the plaintiff; and an insufficient explanation for the need to take a dismissal. Clark v. Tansy, 13 F.3d 1407 (10th Cir. 1993). These factors are not exclusive, but are "simply a guide for the district court." Radiant Technology Corp. v. Electrovert USA Corp et al., 122 F.R.D. 201, 203 (N.D.Tex. 1988); Ohlander, 113 F.3d at 1537.

This case is an example of the usual factors not proving very useful in considering the dismissal requested by Plaintiffs. Cmp., Ohlander, 113 F.3d at 1537 (factors unique to context of case included interest of comity, uniform interpretation of the Hague Convention). Defendants do not complain of, nor does the Court find, a problem with excessive delay or lack of diligence on the part of Plaintiffs. Yet Defendants are now on the receiving end of two lawsuits filed by Plaintiffs -- virtually the identical case being litigated in two separate courts in two separate states. Further, of the numerous Defendants being sued in this action, the JAS Defendants appear to have a comparatively tangential connection with the accident.[3] Plaintiffs who seek dismissal have little

---

[3] See, Court's Mem. Opin. & Order, Doc. 28, pages 7-8, for more discussion of the merits of the case.

to offer by way of a reason for their request, except that they wish to backtrack from their decision to file a case in New Mexico which eventually became removable to federal court.

Plaintiffs contend that voluntary dismissal would avoid duplication, and poses no prejudice to Defendants. Neither argument is convincing. While dismissal may save *Plaintiffs* the burden of duplicating litigation, it does not do that for the Defendants, who still have to defend the same case in two different courts. In fact, keeping all parties here would be the most efficient way of avoiding duplication -- with one court's ruling being accorded full faith and credit by the other, and thereby eliminating the need to relitigate issues. In Radiant Technology Corp., 122 F.R.D. 201, the district court found that plaintiffs were entitled to voluntary dismissal, partly because all the parties would continue to litigate in another forum, and partly because the defendant had filed no substantive motion that might have led to resolution of the merits. In this case, the parties would be scattered to different courts to litigate identical issues, and the JAS Defendants *have* filed a motion that is pending before the Court, which could lead to a resolution of the case.

I agree with Defendants that the motion presents certain equitable concerns. Allowing voluntary dismissal of all but one Plaintiff would be a win-win situation for Plaintiffs, but unfairly frustrate Defendants' legal interests. See, Ohlander, 114 F.3d at 1537 (court should "endeavor to insure substantial justice is accorded to both parties") (citation omitted)). A ruling favorable to Defendants on a claim in either forum would not apply to Plaintiff(s) in the other forum because, while the same causes of action are involved, the same parties are not. Nor would the Defendant be able to use a favorable ruling on an issue against a Plaintiff who did not fully and fairly litigate

5

that issue in the other forum.[4]  However, any of the Plaintiffs arguably can use a favorable ruling against the Defendants, under the same doctrines of issue and claim preclusion, since Defendants are the same in both cases, and since Defendants are fully and fairly litigating in both courts.

Thus, Plaintiffs have everything to gain and absolutely nothing to lose with voluntary dismissal.  Regardless of whether the motion came on the heels of the Defendants' dispositive motion, or whether it was filed after, I nevertheless find that Plaintiffs are at least in part attempting to avoid a potentially adverse judgment.  If Plaintiffs' motion for voluntary dismissal were granted, only one Plaintiff would be subject to this Court's ruling on the Defendants' dispositive motion, while the rest would proceed to litigate in Texas.  Plaintiffs did not file the present motion until six months after filing the case in New Mexico, over two months after Defendants filed their Answer, but less than two weeks before Defendant filed the motion to dismiss / summary judgment.  I find that Defendants' dispositive motion should be ruled on by the Court while all Plaintiffs remain in the case.  Cmp., e.g., Pace v. Southern Exp. Co., 409 F.2d 331, 334 (7th Cir. 1969) (district court was justified in denying plaintiff's motion to dismiss without prejudice where case had already been pending for one and one-half years, that considerable discovery had been undertaken at substantial cost to the defendant, and that

---

[4] For claim preclusion, or *res judicata,* to apply, the first and second lawsuits must be identical in four ways:  (1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter.  Kepler v. Slade, 119 N.M. 802, 804 (1995); accord , Santa Fe Village Venture v. City of Abq., 914 F.Supp. 478, 481 (D.N.M. 1995).  There are two prerequisites to the application of issue preclusion, or *collateral estoppel*: (1) the issue to be precluded must have been actually and necessarily decided in the prior case, and (2) the party against whom collateral estoppel is invoked must have had a full and fair opportunity in the earlier case to litigate the issue to be precluded.  Ten Mile Industrial Park v. Western Plains Service Corp., 810 F.2d 1518, 1523 (10th Cir.1987).

defendant had already briefed its motion for summary judgment; and court found that plaintiff was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic); Mills v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 703 F.2d 305, 308 (8th Cir. 1983) (affirming district court's denial of plaintiff's motion to dismiss without prejudice where court was considering directed verdict at the time, based on the "fair administration of justice," and the court's conclusion that a dismissal at that stage of the proceedings would have been a "gross injustice" to interest of defendant).

In sum, compared to the considerable disadvantages Defendants would suffer if Plaintiffs' motion were granted, Plaintiffs have not shown that they are entitled to voluntary dismissal. Using the broad discretion afforded this Court under Fed.R.Civ.P. 41(a)(2), the motion will be denied.

### III.  Plaintiff's Motion for Leave to Amend Complaint

Plaintiffs also seek the dismissal of certain Defendants and causes of action: conspiracy/concert of action/ joint enterprise; and disregard of the corporate form.  The decision to grant or deny a motion to amend a complaint lies within the sound discretion of the district court.  Long v. United States, 972 F.2d 1174, 1183 (10th Cir. 1992).  A court should "freely grant leave to amend when justice so requires."  Stafford v. Saffle, 34 F.3d 1557, 1560 (10th Cir. 1994);  Fed.R.Civ.P. 15(a).  Defendants do not object to the dismissal of the two claims or to the dismissal of the other Defendants: John Dow Presley, Wayne Castleberry, Jackson Aviation Repairs, Inc., John Jackson, Goldstar Aviation & Accessories, Inc. and Defendants, A-Z.  The Court does not see any reason why both the claims and Defendants should not be dismissed, and that part of Plaintiffs' motion to amend will be granted.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Dismiss Parties Without Prejudice and to File Plaintiffs' First Amended Complaint **(Doc. 3)** is GRANTED IN PART and DENIED IN PART as follows: (1) Plaintiffs' claims in the original complaint alleging conspiracy/concert of action/ joint enterprise; and disregard of the corporate form will be DISMISSED WITH PREJUDICE; (2) the following Defendants are DISMISSED from the action with prejudice: John Dow Presley, Wayne Castleberry, Jackson Aviation Repairs, Inc., John Jackson, Goldstar Aviation & Accessories, Inc. and Defendants, A-Z; and (3) Plaintiffs' request for voluntary dismissal of all Plaintiffs named in the Texas state court action is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Sequence of Consideration of Motions **(Doc. 18)** is hereby DENIED;

**IT IS FINALLY ORDERED** that Plaintiffs have until Friday, September 24, 2004, in which to file an Amended Complaint in accordance with this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE